| |
|---|
| **Harkins v Stern** |
| 2024 NY Slip Op 33599(U) |
| October 8, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507004/21 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
STEVEN HARKINS, individually and derivatively
On behalf of LB INTERNATIONAL INC. and
GOLDEN HILL COMPANY MARKETING INC.,
                                    Plaintiffs,

          -against-
                                              Index No. 507004/21
JOSEPH STERN

                              Defendant,
and                                           October 8, 2024

LB INTERNATIONAL INC. and GOLDEN HILL
COMPANY MARKETING INC.,
                         Nominal Defendants,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                 Motion seq. #5


     The defendant Joseph Stern has moved pursuant to CPLR §602

seeking to consolidate this action with a pending action in

Nassau County.  The plaintiff opposes the motion.  Papers were

submitted by the parties and reviewing all the arguments this

court now makes the following determination.

     According to the complaint the plaintiff was the owner of

Golden Hill Company Marketing Inc., a company that made woven

wicker furniture.  On June 17, 2019 the plaintiff and defendant

entered into a stock purchase agreement to acquire all the shares

of LB International Inc., a company that sells seasonal products

as well as wicker furniture.  The shares were purchased from LB

International's owners, Joel Margolin, Melissa Kramer, Allison

Alper, and Graig Margolin.  Thus, the plaintiff and defendant

entered into a joint venture and purchased all the shares of LB

[* 1]

International and each owned fifty percent of the company. This action was commenced wherein the plaintiff alleges the defendant took out loans in the name of Golden Hill which he also half acquired from the plaintiff and utilized the funds from those loans for his own personal benefit. On July 13, 2021, Melissa Kramer, Allison Alper, and Graig Margolin commenced an action against Harkins and Stern and LB International for the failure to make a payment for the shares pursuant to the promissory note entered into between the sellers and the plaintiff and defendant herein as purchasers.

The defendant has moved seeking to consolidate the two actions for purposes of discovery. As noted, the plaintiff opposes the motion.

## Conclusions of Law

It is well settled that when two cases represent common questions of law or fact then there should be a consolidation (Moses v. B & E Lorge Family Trust, 147 AD3d 1043, 48 NYS3d 427 [2d Dept., 2017]). A party objecting to the consolidation has the burden of demonstrating prejudice which harms a substantial right (Oboku v. New York City Transit Authority, 141 AD3d 708, 35 NYS3d 710 [2d Dept., 2016]).

The two actions do not concern common questions of law and fact at all. The Kings County action has been brought by the

2

plaintiff alleging the defendant improperly utilized funds from Golden Hill for his own personal benefit. The Nassau action concerns a lawsuit about an unpaid note. Other than the fact the plaintiff and defendant in this action are defendants in the Nassau action they are not similar in any way.

The defendant asserts that the two cases are "inextricably intertwined and interrelated" (see, Affirmation in Support, ¶38 [NYSCEF Doc. No. 431]) because the documents the defendant seeks in the Kings County action may serve as defenses in the Nassau action. Thus, the defendant argues that no such payment is owed in the Nassau action and discovery sought in this action can substantiate that defense in the Nassau action. Even if all that is true there is still no connection between the two actions. The defendant seeks to consolidate the actions arguing the same discovery will be necessary in both cases. However, that does not mean the two cases share common questions of law or fact. Indeed, the defendant has not explained why the discovery sought to defend the Nassau action cannot be obtained in the Nassau action. This is particularly true since the defenses alleged in the Nassau action are more direct and involve the single issue whether any further payments based upon the note are required. The Kings County action is more fact specific, more involved and requires a greater degree of discovery.

Furthermore, the issues in this action are not identical

3

to the defenses in the Nassau action (see, <u>Bruno v. Capetola</u>, 101 AD3d 785, 957 NYS2d 156 [2d Dept., 2012]). There may be some similarity between the defenses in both actions, however, they are far from identical and do not really concern common questions of law or fact.

Therefore, based on the foregoing, the motion seeking to consolidate the two actions is denied.

So ordered.

ENTER:

DATED: October 8, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC